```
           IN THE UNITED STATES DISTRICT COURT FOR THE
                   SOUTHERN DISTRICT OF ALABAMA
                         NORTHERN DIVISION
```

JOHNNY RAY LANDRUM,            :
                               :
       Plaintiff,              :
                               :
vs.                            :   CIVIL ACTION 06-0001-BH-M
                               :
GREGORY GRIGGS, et al,         :
                               :
       Defendants.             :

REPORT AND RECOMMENDATION

Plaintiff, an Alabama prison inmate proceeding pro se and in forma pauperis, filed this § 1983 action. This action has been referred to the undersigned pursuant 28 U.S.C. § 636(b)(1)(B) and Local Rule 26, and is now before the Court for Plaintiff's failure to prosecute and obey the Court's Order. For the reasons set out below, it is recommended that this action be dismissed with prejudice for Plaintiff's failure to prosecute and obey the orders of the Court.

The Court's Order dated April 12, 2007, in addition to converting Defendants' Special Report and Answer to a motion for summary judgment, ordered Plaintiff to inform the Court by May 17, 2007, if he wanted to proceed with the prosecution of this action, as well as file any objection or response he had by that same date (Doc. 21). On May 16, 2007, Plaintiff requested an extension, which was granted, and he was given until June 8, 2007, to file an objection (Docs. 23, 24). On June 8, 2007, he

requested another extension, which was also granted, and he was given until August 3, 2007 (Docs. 25, 26).  To date, Plaintiff has not filed any response or objection to the Summary Judgment Motion nor has the Court otherwise heard from Plaintiff since he filed the last motion for extension on June 8, 2007.

A previous check on the Alabama Department of Corrections (ADOC) website, Inmate Search,(www.doc.state.al.us/inmsearch.asp) indicated that Plaintiff's estimated date for the conclusion of his sentence was December 8, 2007; when that site was checked on December 26, 2007, and again this date, there was no record of Plaintiff (AIS # 134871) still being in ADOC custody.  Hence, Plaintiff is out of prison, yet he has not informed the Court of that fact and/or of a current address.  Plaintiff's present whereabouts are unknown to the Court and the Court has no way to contact him.  Therefore, the Court finds that Plaintiff has abandoned prosecution of this action now that he is no longer incarcerated.

Due to Plaintiff's failure to prosecute and to obey the orders of the Court, the fact that Defendants have appeared and expended money and time defending this action, and upon consideration of the alternatives that are available to the Court, it is recommended that this action be dismissed with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as no other lesser sanction will suffice.  <u>Link v.</u>

Wabash R. R., 370 U.S. 626, 630, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss sua sponte an action for lack of prosecution); World Thrust Films, Inc. v. International Family Entertainment, Inc., 41 F.3d 1454, 1456-57 (11th Cir. 1995); Mingo v. Sugar Cane Growers Co-op, 864 F.2d 101, 102 (11th Cir. 1989); Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985); Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983).  Accord Chambers v. NASCO, Inc., 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (ruling that federal courts' inherent power to manage their own proceedings authorized the imposition of attorney's fees and related expenses as a sanction); Malautea v. Suzuki Motor Co., 987 F.2d 1536, 1545-46 (11th Cir.)(finding that the court's inherent power to manage actions before it permitted the imposition of fines), cert. denied, 510 U.S. 863, 114 S.Ct. 181, 126 L.Ed.2d 140 (1993).

## MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)©; Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc).  The procedure for challenging the findings and recommendations of the magistrate judge is set

out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed <u>de novo</u> and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this 16th day of January, 2008.

                                        s/BERT W. MILLING, JR.
                                        UNITED STATES MAGISTRATE JUDGE